[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-12945

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HENRY JOSE MARQUEZ,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00488-CEH-JSS-6

————————————————

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Henry Marquez appeals his conviction and sentence for one count of possession with intent to distribute cocaine aboard a vessel subject to the jurisdiction of the United States, and one count of conspiracy to commit the same. We affirm.

**I.**

This Court recently decided the appeal filed by several of Marquez's codefendants. *See United States v. Hurtado*, 89 F.4th 881 (11th Cir. 2023). We assume that the parties are familiar with those underlying facts. Marquez adopted his codefendant's motion to dismiss the indictment for lack of jurisdiction and motion to suppress evidence for violation of the Fourth Amendment. After the magistrate judge recommended denying both motions, Marquez also adopted his codefendants' objections to the Report and Recommendation. The district court accepted the R&R, overruled the objections, and denied the two motions.

Marquez then entered into a guilty plea without a plea agreement, pleading to one count of conspiring to distribute and possess with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, and to one count of aiding and abetting the same. A probation officer prepared the presentence investigation report, describing Marquez's role as chief engineer aboard the vessel and calculating the offense level under the Sentencing Guidelines. The

officer calculated a base level of thirty-eight, applied a two-level reduction pursuant to U.S.S.G. § 2D1.1(b)(18), and reduced three more levels under § 3E1.1 for Marquez's timely acceptance of responsibility, yielding a total offense level of thirty-three. The guideline imprisonment range for Marquez was 135 to 168 months.

Marquez objected to the calculation, arguing that he should have received an additional downward adjustment for playing only a minor role in the offense conduct. At the sentencing hearing, Marquez raised two more objections. He took issue with the report's conclusion that the court had jurisdiction and with its description his role as "chief engineer" instead of "first mechanic." The district court overruled all objections, adopted the PSI calculation, applied a downward variance from the guideline range, and sentenced Marquez to ninety-seven months imprisonment and five years of supervised release. Marquez appealed.

## II.

Marquez raises three issues on appeal. *First*, he argues that the district court lacked jurisdiction under the Maritime Drug Law Enforcement Act. *Second*, he argues that the district court erred in denying the motion to suppress. And *third*, he argues that the district court committed clear error by denying Marquez's request for a minor-role reduction. Our opinion in *Hurtado* resolves the first two issues against Marquez. The district court properly exercised jurisdiction under the Maritime Drug Law Enforcement Act because Cameroon, the vessel's flag nation, consented to

United States jurisdiction before trial began. *Hurtado*, 89 F.4th at 891–95. And the district court properly denied the motion to suppress because the Fourth Amendment's protections do not extend to searches and seizures of non-citizens arrested in international waters. *Id.* at 195.

The district court also did not clearly err when it denied Marquez the requested role reduction. *See United States v. Bernal-Benitez*, 594 F.3d 1303, 1320 (11th Cir. 2010). The defendant has the burden of establishing his minor role in the offense by a preponderance of the evidence. *United States v. Rodriguez De Varon*, 175 F.3d 930, 939 (11th Cir. 1999). "Two principles guide the determination of whether a defendant played a minor role in the criminal scheme: (1) the defendant's role in the relevant conduct for which she has been held accountable at sentencing, and (2) her role as compared to that of other participants in her relevant conduct." *United States v. Presendieu*, 880 F.3d 1228, 1249 (11th Cir. 2018) (quotation omitted).

Neither factor weighs in favor of Marquez. Under the first principle, we consider whether Marquez "played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy." *De Varon*, 175 F.3d at 944. At sentencing, Marquez was not held accountable for his conduct in some larger conspiracy, and he was integral to the drug-trafficking scheme for which he was held accountable. As first mechanic, Marquez was responsible for preventing the ship from sinking and keeping the engine operating

at all times—a task made even more crucial given the ship's state of disrepair.

As for the second principle, Marquez's role in the drug-trafficking scheme was generally larger than that of his co-conspirators. Besides the captain—who received an enhancement for his role—Marquez exercised the greatest amount of responsibility on the ship. He retained significant decisionmaking authority as to maintaining and keeping the vessel afloat. And he was the only individual besides the captain to communicate with the organizers of the conspiracy. At one point, even the captain was told that Marquez was the boss and that he would find out the coordinates of the ultimate destination from Marquez.

Here, the district court's conclusion about Marquez's role in the offense is not clearly erroneous because its "decision is supported by the record and does not involve a misapplication of a rule of law." *United States v. Cruickshank*, 837 F.3d 1182, 1192 (11th Cir. 2016) (quotation omitted).

**AFFIRMED.**